NORTHWESTERN FUEL CO. *v.* BURLINGTON, C. R. & N. R. CO.

*(Circuit Court, D. Minnesota.  June, 1884.)*

COMMON CARRIERS—CONTRACT—TENDER OF GOODS.
 A railroad company is not responsible in an action for an alleged infringement of a contract to carry coal for the plaintiff, unless it is proved that the plaintiff actually tendered the coal to the company for transportation, and the company then refused to carry it.

*C. D. O'Brien, I. V. D. Heard,* and *Geo. B. Young,* for plaintiff.
*J. D. Springer* and *C. K. Davis,* for defendant.

MILLER, Justice.  At my suggestion, at the end of about a three-days' trial before a jury at a term of this court, held a year ago, the plaintiff submitted to a nonsuit, with leave to make a motion to set aside the same.  That motion was made, and was argued very elaborately by counsel on both sides, and since that time I have given the matter due consideration, and am prepared to give my opinion on the case at this present time.

In my view of the case, there is nothing but a question of fact involved in this motion to set aside the nonsuit.  I told counsel that they could go on and complete the case to the jury, in which case I should be compelled to tell the jury that I believed there was no evidence upon which a verdict could be given of a violation of the contract; the contract being one by which the defendant, the railroad company, agreed to transfer to a certain place, at a certain rate, a certain amount of coal, and also some iron, for the Northwestern Fuel Company.  I was of the opinion that no tender of the coal to be carried had ever been made, or refused by the railroad company; and I permitted counsel for two days to make efforts to prove a tender of the coal by the fuel company to be carried under that contract.  During that time a good many bills of lading were offered in evidence that were intended to show by implication that the fuel company had tendered that coal to the railroad company, and that the latter had refused to carry the same.  I do not believe that any tender or any refusal was ever proved.  I thought so then, and I am satisfied of it now. It would be idle—it would be folly—to allow this proceeding to go further.  This sum claimed by the plaintiff—the amount of money sought to be recovered—is enormous; and if the kind of proof which they offered of the violation of the contract could have been permitted, they could have recovered of the railroad company millions of dollars. They certainly expected to recover a million or half a million of dollars by virtue of this company not carrying this coal under the contract.  It was amazing to me—it is now—that the company could be held liable when there was never a clear tender, saying, "Here is the coal of the fuel company which I want you to carry over your road." I do not think there was any tender, and I do not believe that there can be anything substituted for it.

The motion to set aside the nonsuit is denied.